UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 24-CR-413 |
| v. : | |
| : | |
| RICHARD SHYKORA : | |
| : | |
| Defendant. : | |

## PRELIMINARY CONSENT ORDER OF FORFEITURE

**WHEREAS**, a written plea agreement was filed with this Court and signed by the defendant, Richard Shykora, in which the defendant agreed to plead guilty to an Information charging conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 371.

**WHEREAS**, the Information alleged the forfeiture of property, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

**WHEREAS**, the Information further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States.

**WHEREAS**, in his plea agreement, the defendant agreed to the forfeiture of: (1) the real property commonly known as Pickeral 6, Tranquility Bay RV Park Cooperative, Brosseau, Alberta, Canada; and (2) the entry of a forfeiture money judgment in the amount of $545,126.23.

**WHEREAS,** the defendant also agrees to forfeit: (1) 3,388 JanOne, Inc. common stock held in an account in the name of Richard Shykora with EQ Shareowner Services; and (2) 64 JanOne Inc. preferred B shares.

**WHEREAS**, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's

plea agreement, that the above-referenced property, which constitutes or is derived from proceeds traceable to the violation alleged in Count One, to which the defendant is pleading guilty is subject to forfeiture.

**WHEREAS**, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $545,126.23 is appropriate, insofar as this property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Sections 2461(c).

**WHEREAS**, the United States has agreed to credit the proceeds it realizes from the forfeiture of (1) the real property commonly known as Pickeral 6, Tranquility Bay RV Park Cooperative, Brosseau, Alberta, Canada; (2) 3,388 JanOne, Inc. common stock held in an account in the name of Richard Shykora with EQ Shareowner Services; and (3) 64 JanOne Inc. preferred B shares against the forfeiture money judgment upon its final forfeiture to the United States;

**WHEREAS**, Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Sections 2461(c), authorizes the forfeiture of substitute property;

**WHEREAS**, the proceeds the defendant obtained have been dissipated and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

**WHEREAS**, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c): (1) the real property commonly known as Pickeral 6, Tranquility Bay RV Park Cooperative, Brosseau, Alberta, Canada; (2) 3,388 JanOne, Inc. common stock held in an account in the name of Richard Shykora with EQ Shareowner Services; and (3) 64 JanOne Inc. preferred B shares against the forfeiture money judgment upon its final forfeiture to the United States;

2. A forfeiture money judgment in the amount of $545,126.23. is entered against the defendant and in favor of the United States. The forfeiture money judgment shall be reduced by the value of the above specific property forfeited to the United States.

3. The Court finds that the proceeds that the defendant personally obtained as a result of the offense to which he has pled guilty have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and the defendant's consent, this Order of Forfeiture is now final as to the defendant, and shall be made part of the sentence and included in the judgment.

6. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

SO ORDERED this \_\_1\_\_ day of October, 2024.

_____
HON. RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE